UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>U-HAUL COMPANY OF CALIFORNIA,<br><br>        Defendant. | Case No. 16-cv-04674-JD<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 9 |

Pending before the Court is a motion by defendant U-Haul Co. of California ("UHCA") to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Dkt. No. 9. In deciding such a motion, "whether a valid agreement to arbitrate exists" is the first question the Court must answer. *Norcia v. Samsung Telecomm. Am., LLC*, No. 14-cv-00582-JD, 2014 WL 4652332, at *4 (N.D. Cal. Sept. 18, 2014), *aff'd*, 845 F.3d 1279 (9th Cir. 2017). UHCA, as the party seeking to compel arbitration, has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). UHCA has not met that burden and so the Court denies the motion to compel arbitration.

As the Court previously observed, UHCA initially sought to compel arbitration under a "rental contract" with plaintiff, but it subsequently filed a reply brief that was directed entirely to a different arbitration agreement contained in "UHCA's Terms and Conditions" which were referenced by hyperlink in emails to the plaintiff. *See* Dkt. No. 35. Because UHCA has consequently abandoned any "rental contract" (as to which UHCA acknowledges it is "unable to locate" a copy signed by plaintiff in any event, *see* Dkt. No. 9 at 4 n.1), the Court denies any request to compel arbitration under that contract.

UHCA has further failed to meet its burden of proving the existence of an agreement to arbitrate in the form of its "Terms and Conditions." Under California law, which is the applicable law here, "there is no contract until there is mutual consent of the parties. The manifestation of mutual consent is generally achieved through the process of offer and acceptance." *Norcia*, 2014 WL 4652332, at *4 (internal quotation omitted). It is critical that an offeree knows that an offer has been made. *See id.*

Here, UHCA relies heavily on two form emails plaintiff received from UHCA on June 21, 2014. Dkt. No. 18 at 6. By UHCA's own description, "at the end of" both emails there were "links, *inter alia*, to view . . . UHCA's Terms and Conditions." *Id.* at 5; *see also* Dkt. No. 13, Ex. 1. UHCA has submitted no evidence that plaintiff "had actual notice" of these Terms and Conditions nor that she "was required to affirmatively acknowledge" them at any time. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014). And, similar to the circumstances in *Nguyen*, the link was "buried" at the bottom of the email where recipients were unlikely to see it. *Id.* The conclusion reached in *Nguyen* therefore applies here as well: plaintiff had insufficient notice of UHCA's Terms and Conditions, and thus she did not enter into any arbitration agreement contained within those Terms and Conditions. *See id.* at 1180; *see also Norcia*, 2014 WL 4652332, at *7 (concluding no arbitration agreement formed where "no reasonable person would know that a proposal has been made to him"); *Knutson*, 771 F.3d at 567 ("when the writing does not appear to be a contract and the terms are not called to the attention of the recipient . . . , no contract is formed with respect to the undisclosed term").

Because UHCA has failed to carry its burden of proving the existence of an agreement to arbitrate in the first place, the Court does not reach the question of whether that agreement would have encompassed the dispute at issue in any event. Defendant's motion to compel arbitration and dismiss the action, Dkt. No. 9, is denied.

**IT IS SO ORDERED.**

Dated: May 23, 2017

JAMES DONATO
United States District Judge

2